J-S19003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN HAROLD NEILSON | : | |
| | : | |
| Appellant | : | No. 1279 MDA 2016 |

Appeal from the Judgment of Sentence June 23, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000957-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:               **FILED APRIL 21, 2017**

Appellant, Steven Harold Neilson, appeals from the judgment of sentence entered in the Bradford County Court of Common Pleas, following his bench trial convictions of driving under influence of alcohol ("DUI") and harassment.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On September 26, 2015, Appellant attended a wedding reception at Chrystal Potter's house. Chrystal Potter is Appellant's girlfriend of four years and Brian Potter's ex-wife. Between 5:00 p.m. and 6:00 p.m., police responded to a disturbance call, which resulted in Appellant's removal from the reception. Appellant's friends subsequently drove Appellant home in his

_____

[1] 75 Pa.C.S.A. § 3802(a)(1) and 18 Pa.C.S.A. § 2709(a)(1), respectively.

_____

*Former Justice specially assigned to the Superior Court.

pickup truck. Several hours later, Appellant returned to the reception, where Brian Potter observed Appellant exit the driver's side of his pickup truck. Brian Potter did not see anyone else in the vehicle with Appellant. Brian Potter believed Appellant was intoxicated based on his prior consumption of alcohol that day, staggered gait, and bloodshot eyes. Shortly after Appellant arrived, Appellant and Mr. Potter argued, which resulted in a bystander calling the police.

Pennsylvania State Trooper Michael Boyle responded to the scene around 11:00 p.m. where he observed Appellant without a shirt. Trooper Boyle immediately noticed Appellant had slurred speech, bloodshot and glassy eyes, a staggered gait, and smelled of alcohol. When Trooper Boyle asked Appellant how he had returned to the reception, Appellant initially said he had walked there. Upon further questioning, however, Appellant said he had received a ride to the reception from his son, Blake Nielson. No one saw Blake Neilson at the reception at any time. Trooper Boyle arrested Appellant for disorderly conduct and discovered his car keys on his person during a search incident to arrest. Trooper Boyle transported Appellant to the hospital, where Appellant refused blood alcohol testing.

On January 18, 2016, the Commonwealth charged Appellant with DUI—general impairment and harassment, and Appellant proceeded to a bench trial on March 22, 2016. At trial, Brian Potter maintained he saw Appellant arrive at the reception alone and exit the driver's side of his pickup

truck.  Blake Neilson and Appellant both testified Blake Neilson dropped Appellant off at the reception in his pickup truck.  Blake Neilson also stated he obtained a ride from his girlfriend after he dropped Appellant off at the reception.  Chrystal Potter further testified that Brian Potter was inside the reception when Appellant returned to the event.  The court ultimately convicted Appellant of DUI and harassment, and deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On June 23, 2016, the court sentenced Appellant to an aggregate term of ten (10) days' to six (6) months' imprisonment.  On June 28, 2016, Appellant timely filed a post-sentence motion, which the court denied on June 29, 2016.  Appellant timely filed a notice of appeal on July 29, 2016. On August 10, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on August 11, 2016.

Appellant raises the following issue for our review:

> WAS THE VERDICT OF GUILTY OF DRIVING UNDER THE INFLUENCE OF ALCOHOL AGAINST THE WEIGHT OF THE EVIDENCE WHERE UNCONTRADICTED TESTIMONY SHOWED THE WITNESS WHO OBSERVED [APPELLANT] OPERATE A MOTOR-VEHICLE WAS NEVER IN A POSITION TO ACTUALLY OBSERVE [APPELLANT]?

(Appellant's Brief at 7).

Our standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of

fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the [trial] court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Maureen T. Beirne, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed November 3, 2016, at 1-4) (finding: court convicted Appellant of DUI and harassment based on its determination that testimony of Commonwealth witnesses was more credible than testimony of defense witnesses; thus, Appellant's challenge to weight of evidence fails). The record supports the court's decision. Accordingly, we affirm on the basis of the trial court's opinion.

- 4 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017

IN THE COURT OF COMMON PLEAS
BRADFORD COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :

VS                        : NO.   08CR-0000957-2015

STEVEN HAROLD NEILSON        :

:     :     :     :     :     :     :     :     :     :     :     :     :

## MEMORANDUM OPINION OF THE COURT PURSUANT TO RULE 1925(A) OF THE PENNSYLVANIA RULES OF CIVIL PROCEDURE

### BEFORE: BEIRNE, MAUREEN T., P.J.

On March 22, 2016, Defendant was found guilty after bench trial of Driving Under the Influence of Alcohol, 75 Pa. C.S.A. §3802(a)(1), an ungraded misdemeanor (1st in ten). Defendant was sentenced on June 23, 2016 to a minimum of ten days and a maximum of six months. Defendant had also been found guilty of the summary offense of harassment and was sentenced to pay a fine. Defendant filed timely post-sentence motions which were denied. Defendant filed a timely appeal and timely Statement of Matters Complaint of on Appeal.

Although Defendant raises three complaints in his two concise statements of matters complained of, they are all based upon the same argument that there was insufficient evidence to find Defendant guilty of driving under the influence because eye witness, Crystal Potter, testified that Commonwealth witness Brian Potter (who testified that he saw Defendant drive up to the party), was inside the main party area, she did not see him go outside and therefore could not have seen Defendant drive.

Brian Potter testified that he knew Defendant for seven to eight years. On September 26, 2016, he saw Defendant at a wedding reception in Bradford County between



5:00 p.m., and 6:00 p.m. Pg. 3, lns. 11-25. At some point in time, the police were called and Defendant left the reception and someone drove his vehicle. Several hours later, Defendant returned to the reception. Brian Potter saw Defendant driving his truck. Although it was dark out, when Defendant exited the vehicle, the dome light came on and he was able to see the defendant. Pg. 7, lns. 10-22. Brian Potter did not see any other person exit the vehicle. Pg. 7, lns. 23-25. Potter believed that defendant was under the influence of alcohol, Pg. 12, lns. 2- 5, because he observed that defendant was "not walking with a purpose, just kinda waddling around." Pg. 12 , lns. 17-18. Further observed that Defendant's eyes were bloodshot and had seen him consume alcohol. Pg. 12, lns. 22-23.

Pennsylvania State Trooper Michael Boyle responded to a call of a disturbance at the reception at approximately 11:00 p.m. Upon making contact with Defendant, he observed that he was not wearing a shirt and opined he was intoxicated because his speech was slurred, he had a staggered gait, and his eyes were bloodshot and glassy. Pg. 38, lns. 3-25. Further, he observed the odor of alcohol from Defendant. Pg. 39, lns, 2- 5. Trooper Boyle asked Defendant how he arrived back at the reception and Defendant responded that he walked. Pg. 39, lns. 20-24. Then Defendant stated that his son gave him a ride. Pg. 40, lns 3-5. Defendant was arrested for disorderly conduct and was searched wherein the keys to his vehicle were found in his front pocket. Pg. 41, lns. 14-25. Defendant was transported to a hospital for blood alcohol testing, which Defendant refused.

Defense witness, Blake Neilson, testified that he is Defendant's son and that he drove Defendant to the reception, did not attend the reception, but his girlfriend picked him up. Crystal Potter, who has been dating Defendant for four years and had been married to Brian Potter, testified that Brian Potter was standing in a group of people where she was standing when

2

Defendant walked into the reception and that she did not see Brian Potter exit the reception. Pp. 76-77.

Defendant testified that his son drove him to the reception and that he exited out of the passenger side of the vehicle. Pp. 82-83.

"The standard for review for evaluating sufficient of the evidence is whether, viewing all the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, the trier of fact could properly have found that all the elements of the crime had been established beyond a reasonable doubt. Commonwealth v. Cartagena, 482 Pa. 6, 393 A.2d 350 (1978); Commonwealth v. Thomas, 465 Pa. 442, 350 A.2d 847 (1976). Only where the evidence is so inconsistent and unreliable so that the verdict is based upon conjecture, will it be overturned. Commonwealth v. King, 287 Pa.Super. 105, 429 A.2d 1121 (1981). A mere conflict of testimony does not render the evidence insufficient. Commonwealth v. Dolan, 287 Pa.Super. 202, 429 A.2d 1171 (1981). When conflicts and discrepancies arise, it is within the province of the [fact finder] to determine the weight to be given to each testimony and to believe all, part, or none of the evidence as they deem appropriate. Commonwealth v. Rose, 463 Pa. 264, 344 A.2d 824 (1975)." Com. V. Verdekal, 351 Pa.Super. 412, 506 A.2d 415 (1986).

Defendant argues that his witnesses' testimony should be given more weight than the Commonwealth's witnesses. The trial court obviously found the witness, Brian Potter, who observed the Defendant driving more credible than the defendant's son and girlfriend. The trial court is free to believe all, part or none of the evidence as a factfinder. Appellate Court cannot substitute its judgment for that of the trial court on issues of credibility. Commonwealth v. Pronkoskie, 498 Pa. 245, 445 A.2d 1203, 1206 (1982).

3

Therefore, Defendant's complaint has no merit and the judgment of sentence should be affirmed.

DATE: November 3, 2016

SUBMITTED BY:

_____ P.J.

Maureen T. Beirne

ts

4